# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE BOLTON, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-6107 |
| | : | |
| PHILA. CITY COMMISSIONERS, *et al.*, | : | |
|    *Defendant*. | : | |

## **MEMORANDUM**

**PAPPERT, J.**                                                                                                   **APRIL 7, 2020**

On December 24, 2019, *pro se* Plaintiff Lance Bolton filed a Complaint for employment discrimination pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, against the Philadelphia City Commissioners. (ECF No. 2.) Bolton also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Request for Appointment of Attorney (ECF No. 3). On December 27, the Court denied without prejudice Bolton's motion to proceed *in forma pauperis* because it did not provide enough information as to whether Bolton had the means to pay the fees to commence this case. (ECF No. 5.) On January 23, 2020, Bolton filed another Motion for Leave to Proceed *In Forma Pauperis*, providing updated financial information. (ECF No. 6.) Bolton also filed an Amended Complaint that day renaming the Philadelphia City Commissioners as a Defendant and adding the following individuals: Seth Bluestein, Tim Dowling, Shana Fields, and Giavonia Scirrotto.[1] (ECF No. 7.) For

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading

the following reasons, the Court will grant Bolton leave to proceed *in forma pauperis*, dismiss his Amended Complaint without prejudice, and deny his request for appointment of an attorney at this time.

I

Bolton's Amended Complaint is not easy to understand. He indicates that the events giving rise to his claim occurred at the Philadelphia Commissioner office where he is employed. (ECF No. 7 at 3.)[2] Bolton avers that on November 20, 2019, he was having a conversation with two other individuals (John Ramey and Gary Mertz) about basketball. (*Id.*) After the conversation, Mertz and an individual identified only as "Thomas" went to a Facebook page with Giavonia Scirrotto on it and "had a conversation out loud about how [Mertz] liked the face and body of . . . Scirrotto." (*Id.*) Bolton states that although no one saw Shana Fields in the room, she later conveyed that Bolton had said, "[Scirrotto] has a nice ass for a white girl." (*Id.*) Bolton claims, however, that when Mertz and Thomas were on Facebook, Bolton was sitting at his desk, unaware that they were on Facebook talking about Scirrotto. (*Id.*) He further contends that Loraine Pasqualy and Kelly Cruz, both of whom were in the room at the time, confirmed that Bolton did not make that statement. (*Id.*) According to the Complaint, Bolton was questioned by Seth Bluestein about this alleged incident on December 3, 2019. (*Id.*)

---

supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Accordingly, the Amended Complaint Gray submitted to the Court after his initial Complaint supersedes the original, and the Court will proceed to screen the Amended Complaint.

[2] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

In the Complaint, Bolton refers to a second accusation in which he allegedly called Scirrotto a "bitch." (*Id.* at 4.) An attachment to the Complaint indicates that Bolton and Scirrotto were required to attend a meeting on June 20, 2019 to investigate a hostile work environment claim presented by Scirrotto. (*Id.* at 4.) Bolton asserts that no ruling was given or told to him concerning this alleged incident. (*Id.* at 3.)

Attachments to the Complaint indicate that Bolton was suspended without pay from January 15, 2019 though January 17, 2019. (*Id.* at 6.) The suspension occurred following a complaint made with the City Commissioners Office and EEO regarding comments made by Bolton of a sexual nature when referring to another employee. (*Id.*) The suspension notice indicates that Bolton's comments were substantiated following an investigation by the Office of the City Commissioners, and Bolton was issued the three-day suspension and was required to attend sexual harassment training on September 11, 2019. (*Id.*)

Bolton avers that because of his suspension, he hasn't "been able to sleep properly" and has suffered from fatigue, headaches, and anxiety stemming from "fear of losing his career." (*Id.* at 5.) He asserts that "due to prior cases, amount of work missed, stress and anxiety of losing [his] job", compensation in the amount of $325,000 "would be the right amount" considering he plans "to work 25 more years." (*Id.*)

II

The Court will grant Bolton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

3

dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Bolton is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

To the extent Bolton intended to bring claims pursuant to federal laws prohibiting employment discrimination, such as Title VII, he has failed to state a claim.[3] Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a

---

[3] Although the Amended Complaint has superseded the initial Complaint filed in this matter (s*ee Shahid*, 666 F. App'x at 223), the Court has briefly reviewed the initial Complaint in an effort to get a sense of Bolton's claims. In his initial Complaint, Bolton appeared to be asserting claims pursuant to Title VII of the Civil Rights Act of 1964. Specifically, Bolton asserted the following discriminatory conduct: failure to promote, unequal terms and conditions of employment, retaliation, and race and gender discrimination. (ECF No. 2 at 2-3.)

4

*prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

Here, Bolton has not stated any facts supporting an allegation that any of the Defendants discriminated against him. In fact, nothing in Bolton's Amended Complaint suggests that he was discriminated against as a result of his membership in a protected class. Accordingly, Bolton has failed to state a claim pursuant to Title VII or any other federal law prohibiting employment discrimination.[4] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Moreover, to the extent that Bolton is attempting to assert a civil rights violation pursuant to 42 U.S.C. § 1983,[5] Bolton "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[4] Additionally, Title VII does not provide for individual liability. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII.").

[5] The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Bolton has not identified any rights secured by the Constitution or any other federal law, nor has he alleged facts to support a plausible conclusion that any of the Defendants violated his civil rights. Although the gist of his Amended Complaint is that he was improperly suspended for three days based on the described incident, Bolton has not alleged facts to plausibly suggest that his suspension amounted to a constitutional violation.[6]

IV

For the foregoing reasons, the Court will grant Bolton leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice. Bolton will be granted leave to file a second amended complaint in the event he can articulate a legitimate basis for a claim against an appropriate defendant. Bolton's Request for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is

---

[6] "To have a property interest in a job ... a person must have more than a unilateral expectation of continued employment; rather, []he must have a legitimate entitlement to such continued employment." *Elmore v. Cleary,* 399 F.3d 279, 282 (3d Cir.2005); *see also* Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006). "A protected property interest can spring from state statutes, regulations, policies, or other sources that establish a mutually explicit understanding between a government employer and an employee that the employee is entitled to the property." *Tundo v. Cty. of Passaic*, 923 F.3d 283, 287 (3d Cir. 2019) (internal quotations omitted). However, an at-will employee lacks a property interest sufficient to trigger due process protection. *See Elmore*, 399 F.3d at 282 ("The decisional law is clear that an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer."). To the extent Bolton's Amended Complaint can be construed as attempting to raise a procedural due process claim, his claim fails because he has not alleged facts showing that he possessed a property interest and that he was denied any process due to him. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**